Adam OSTRZENSKI, Appellant

v.

**COLUMBIA HOSPITAL FOR WOMEN FOUNDATION, INC., et al.,**
Appellees

No. 97–7163.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 2, 1998.

Decided Sept. 17, 1998.

Stephen Rubin argued the cause for appellant, with whom Maria Ostrzenska was on the briefs.

Lee H. Simowitz argued the cause for appellees, with whom Jenifer M. Brown, Michael T. Wharton, Mary Anne Mason, Lynda K. Marshall, Nicholas S. McConnell, Mark D. Gately and John E. McCann, Jr. were on the brief.

Before: EDWARDS, Chief Judge, HENDERSON and GARLAND, Circuit Judges.

PER CURIAM:

Dr. Adam Ostrzenski appeals from a grant of summary judgment dismissing his complaint against defendants under § 1 of the Sherman Act, 15 U.S.C. § 1. In his complaint, Dr. Ostrzenski alleged that defendants—seven individual doctors and six hospitals at which they practiced—participated in an unlawful group boycott intended to destroy his practice. Specifically, Dr. Ostrzenski asserted that the individual physician defendants perceived him as an economic threat to their practices and manipulated the peer review processes at the defendant hospitals to deny him privileges to practice advanced laparoscopy, a technique for gynecological surgery involving the use of a laser. The defendants moved for summary judgment, arguing that the actions taken against Dr. Ostrzenski were the result of legitimate peer review decisions, based on defendants' concerns over Dr. Ostrzenski's medical competence.

■ In order to prevail on a claim under § 1 of the Sherman Act, a plaintiff must show the existence of an illegal conspiracy to restrain competition. Antitrust law, moreover, "limits the range of permissible inferences from ambiguous evidence in a § 1 case," and teaches that "conduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In the circumstances of this case, Ostrzenski was required to "present evidence 'that tends to exclude the possibility' that the alleged conspirators," *id.*, acted on the basis of legitimate medical concerns, "rather than to implement" an anticompetitive conspiracy, *id.* at 598, 106 S.Ct. 1348. *See generally Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624, 640–41 (3d Cir.1996); *Willman v. Heartland Hosp. East*, 34 F.3d 605, 611–12 (8th Cir.1994); *Johnson v. Nyack Hosp.*, 964 F.2d 116, 121 (2d Cir.1992).

The record amply justifies the district court's determination that Dr. Ostrzenski lacked sufficient proof for a reasonable jury to find an antitrust conspiracy rather than a legitimate peer review process. For example, in one of the incidents that led to his loss of all staff privileges at defendant Columbia Hospital for Women, plaintiff set fire to a surgical assistant's gown with a laser, burning a hole approximately one foot in diameter. Plaintiff's counsel told the court below that "[w]e don't dispute that it happened. We dispute its relevance, its importance as a basis to deny Dr. Ostrzenski laparoscopic privileges." This court has no difficulty in seeing the relevance and importance of that incident as a legitimate, rather than anticompetitive basis for denying plaintiff staff privileges.

We take as a second example one of the incidents that led to plaintiff's loss of all staff privileges at defendant George Washington University Hospital: An anesthesiologist re-

ported seeing extensive swelling while Dr. Ostrzenski was instilling a patient with carbon dioxide. According to the anesthesiologist's report, Dr. Ostrzenski "did not seem to be aware of the seriousness of this situation even though the patient's life was in danger at one point." To the contrary, Dr. Ostrzenski wanted to continue the procedure, and only repeated requests by the anesthesiologist persuaded him otherwise. Although defendants pointed to the submission of this report as one of the important catalysts of action against Dr. Ostrzenski, plaintiff does not contend that the anesthesiologist—who is neither a defendant nor a competitor of plaintiff's—had any anticompetitive motive to file a false report. Instead, plaintiff charges that the signed report "must" have been fabricated. Plaintiff, however, offered no evidence whatsoever to support that charge and did not even attempt to depose the anesthesiologist. Under these circumstances, plaintiff's bare allegation does not suffice to create a genuine issue as to the authenticity of the document.

In light of a record replete with incidents such as those just described, we conclude that no reasonable jury could find plaintiff was denied hospital staff privileges as the result of an unlawful antitrust conspiracy, rather than because of concern about his medical competence. Accordingly, summary judgment for defendants was appropriate and we affirm the decision of the district court.